UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 26, 2006[*]
Decided June 23, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2773

| | |
|---|---|
| AUSTIN C. SZYMANKIEWICZ, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | |
| | No. 04-C-186-C |
| DENICE DOYING, *Defendant-Appellee.* | Barbara B. Crabb, *Chief Judge.* |

## O R D E R

Austin Szymankiewicz, an inmate in the Wisconsin prison system, brought suit under 42 U.S.C. § 1983 claiming that prison employees retaliated against him in violation of the First and Fourteenth Amendments because he filed inmate complaints against several of them. He also asserted several state-law claims over which the district court exercised supplemental jurisdiction. The district court

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

granted summary judgment for the defendants on the state claims and all but one of the federal claims. The remaining claim against guard Denice Doying was tried to a jury, but the district court granted Doying's motion for a judgment as a matter of law. We affirm the judgment.

For the most part, the facts are undisputed. Szymankiewicz was confined at the Kettle Moraine Correctional Institution in Plymouth, Wisconsin, where since 2001 he worked as a clerk in the prison law library. In 2003, Szymankiewicz filed an inmate complaint alleging that defendant Conrad Reedy, the prison librarian, was permitting inmates without court deadlines to use the law library in the evenings in violation of prison policy. The complaint was dismissed as lacking merit. Several weeks later, Szymankiewicz filed another inmate complaint alleging that defendant Hayley Hermann, an inmate complaint examiner, violated policy by divulging to Reedy that Szymankiewicz was the complainant against him. That complaint also was dismissed as unfounded.

Meanwhile, in June 2003, the prison had conducted a routine lockdown to search the prison for contraband. Defendant David Picard found documents in the library addressed to Szymankiewicz indicating that he was violating prison rules by performing legal work for inmates during his paid work time and accepting compensation for his legal assistance. Picard issued a conduct report for the violation, which was approved by defendant Mike Dittman, the prison security director. Pending a hearing, Szymankiewicz was suspended with pay from his library clerk job. Szymankiewicz eventually was found not guilty, and the conduct report was dismissed. But in the interim Reedy hired another inmate to take Szymankiewicz's library clerk position. Szymankiewicz wrote to defendant David Tarr, prison administrative captain, asking that his position be restored, but Tarr upheld the termination. Szymankiewicz then filed a formal complaint challenging his termination, and in July 2003 he was ordered returned to his position at a reduced pay scale but given back pay. That order took effect in August after his replacement was transferred to another facility.

While Szymankiewicz was suspended from his library clerk job, defendant Doying assigned him to mow lawns at the prison. Szymankiewicz complied for one day, but the next day claimed illness and sought to be excused. Doying denied his request for a medical excuse with the explanation that it was not made before 6:00 a.m. as required by prison policy. Szymankiewicz again complied with Doying's order, but two days later he received a two-week "no work restriction" from the prison's Health Services Unit and during that period was restored to his library clerk position. Szymankiewicz filed a complaint against Doying for forcing him to mow lawns, but the complaint was dismissed on the ground that she had discretion to assign him to another job because he was still in pay status while suspended from his library job.

Before the summer ended, Doying also searched Szymankiewicz's cell twice during routine random searches by prison staff. In July 2003 she removed what she identified as excess property from his cell, including legal documents belonging to other inmates, and wrote up a conduct report. Szymankiewicz filed a complaint challenging the confiscation of the legal documents. The complaint initially was denied on the ground that challenges to conduct reports are outside the scope of the inmate complaint review process. That ruling was reversed when Szymankiewicz appealed; the legal documents belonging to other inmates were then returned to Szymankiewicz, and others of his own that he says Doying also confiscated were to be replaced with copies available from the court where they had been filed. In September 2003 Doying confiscated highlighters from Szymankiewicz's cell and issued a conduct report. Szymankiewicz filed a complaint alleging that legal documents were confiscated. That complaint was dismissed after reviewers concluded that Doying had not confiscated anything but the highlighters.

Szymankiewicz then filed suit in federal court essentially claiming that all of the disciplinary action taken against him and undesirable work assignments given to him during this five-month period of time were an attempt by the defendants to retaliate against him, both individually and as part of a conspiracy, for filing inmate complaints against them. The district court granted summary judgment for defendants Reedy, Hermann, Picard, Dittman, and Tarr, as well as partial summary judgment for defendant Doying on the lawn-mowing and September 2003 cell search claims, after concluding that the evidence submitted by Szymankiewicz did not support an inference that the defendants retaliated or conspired to retaliate against him for filing inmate complaints. The court also dismissed the state-law claims for failure to file a notice of claim with the Attorney General under Wis. Stat. § 893.82. But the court allowed one claim against Doying to proceed to trial because in her summary judgment response she did not deny that she removed legal documents from Szymankiewicz's cell during the July 2003 search to retaliate against him for filing an inmate complaint against her for assigning him to mow lawns. At the close of Szymankiewicz's case-in-chief, however, the district court granted Doying's motion for judgment as a matter of law, *see* Fed. R. Civ. P. 50(a), because Szymankiewicz failed to present any evidence that Doying was aware that he had filed a complaint against her for the lawn-mowing assignment, and therefore no reasonable juror could find that she retaliated against him by confiscating legal documents from his cell.

On appeal Szymankiewicz challenges both the grant of summary judgment on his federal claims as well as the decision to remove his case against Doying from the jury. We review a grant of summary judgment de novo, construing all facts and drawing all reasonable inferences in favor of Szymankiewicz as the non-moving party. *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Summary

judgment is appropriate if the moving party demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Szymankiewicz argues that he presented sufficient evidence to preclude summary judgment for the defendants. To prevail on a retaliation claim, a prisoner must show that state officials took action to punish him for engaging in constitutionally protected conduct, such as speech or exercising his right of access to the courts. *See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). But the burden on the prisoner is high as he must show that his protected conduct was a motivating factor for the retaliation and that events would have transpired differently had there been no retaliatory motive. *Babcock*, 102 F.3d at 275.

Here, Szymankiewicz claims that the defendants retaliated against him for exercising his right to use the prison grievance process. His brief refers generally to conduct reports, negative performance evaluations, and an undesirable work assignment that, he contends, are evidence in support of that claim. But the mere fact that prison officials disciplined Szymankiewicz or assigned him to mow lawns is not evidence of retaliation. Nor does his unsupported speculation and conjecture about the defendants' motives constitute evidence. He points to no evidence indicating that the defendants' actions were motivated by a desire to retaliate against him for filing inmate complaints or that the defendants would not have disciplined him or assigned him to mow lawns absent any retaliatory motive. Thus, the district court properly concluded that Szymankiewicz raised no issues of material fact precluding summary judgment on his retaliation claims. Moreover, this lack of evidence also doomed his conspiracy claim.

Szymankiewicz also argues that the district court erred in refusing to consider as evidence certain exhibits that were annexed to either the complaint or the affidavit he submitted in opposition to the defendants' summary judgment motion. We review for abuse of discretion a district court's decision to disregard portions of a plaintiff's affidavit. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004). The plaintiff must demonstrate both that the district court erred and that exclusion of the evidence prejudiced his "substantial rights." *Id.* In evaluating a summary judgment motion, the court may consider as evidence properly authenticated and admissible documents or exhibits. *Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003); *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2001). To be admissible, documents must be authenticated by an affiant through whom the exhibits could be admitted into evidence. *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006); *Scott*, 346 F.3d at 760 n.7.

Szymankiewicz focuses primarily on three exhibits that are annexed to the verified complaint and to his affidavit. He argues that the district court improperly refused to consider the exhibits on the ground that they were inadmissible. The first two exhibits are documents generated by the prison: an inmate work/program assignment form (Exhibit J of the complaint) and an offender performance evaluation (Exhibit E of the complaint). But there is no affidavit from the author or custodian of the documents concerning their authenticity; accordingly the documents are not admissible. *See Article II Gun Shop*, 441 F.3d at 496; *Scott*, 346 F.3d at 760 n.7. The third exhibit identified by Szymankiewicz is a list of questions with handwritten notes entitled "Due Process Witness Questions for C/O Mr. J. Russell" (Exhibit F of the complaint and affidavit). Based on Szymankiewicz's statements in his affidavit, it appears that this document is a list of the questions he posed to a guard at a disciplinary hearing and Szymankiewicz's handwritten notes of the guard's testimony. His notes of the hearsay statements are not authenticated by an affidavit from Russell and therefore the notes are inadmissible. *See Article II Gun Shop*, 441 F.3d at 496; *Scott*, 346 F.3d at 760 n.7. Even if the documents had been admissible, they do not raise any material issues of fact to support a retaliation claim. Thus, it was not an abuse of discretion for the district court to decline to consider the documents in evaluating the summary judgment motion.

Finally, Szymankiewicz argues that the district court erred by granting Doying's motion for judgment as a matter of law on the remaining claim that she retaliated against him when she searched his cell and seized legal documents in July 2003. He argues generally that he presented sufficient evidence to allow his claim to go to the jury. He also asserts that he was improperly denied permission to introduce a document that would have further bolstered his retaliation claim.

We review the district court's decision to grant judgment as a matter of law de novo, viewing the evidence in the light most favorable to the non-moving party. *Harper v. Albert*, 400 F.3d 1052, 1061 (7th Cir. 2005). Judgment as a matter of law is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1); *see also Harper*, 400 F.3d at 1061.

Here, as the district court noted, the only reason Doying was not granted summary judgment on this claim is that she failed to assert in her affidavit at summary judgment that she thought inmates were not allowed to possess the legal work of other inmates in their cells, and thus she had a basis for believing it proper to confiscate the documents she found in Szymankiewicz's cell. But as the district court noted, Szymankiewicz presented no evidence at trial that Doying knew he had filed an inmate complaint against her for the lawn-mowing assignment, and therefore no reasonable jury could conclude that her confiscation of legal documents

from his cell during the random search was a retaliatory act in response to that complaint. Indeed, Szymankiewicz conceded that he presented no evidence that Doying had knowledge that he filed a complaint against her. Szymankiewicz argues that he was denied the right to present evidence because the district court did not allow him to introduce a prison policy that, he contends, shows that Doying was not allowed to order him to mow lawns. But the policy is irrelevant since it has no bearing on whether Doying knew Szymankiewicz filed a complaint against her, which is what Szymankiewicz needed to establish in order to show that it was this exercise of protected conduct that motivated Doying to retaliate against him. *Babcock*, 102 F.3d at 275. Thus, the district court properly granted Doying's motion for judgment as a matter of law.

AFFIRMED.